UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| 326 TRUCKING, LLC § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| COVINGTON SPECIALTY § | |
| INSURANCE COMPANY § | |
| § | |
| Defendant. § | |

## DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATE DISTRICT COURT:

Defendant, Covington Specialty Insurance Company ("Covington"), files its Notice of Removal and respectfully shows:

### I. BACKGROUND

1. Covington is a named defendant in a civil action pending in the 400th Judicial District Court of Fort Bend County, Texas, styled *326 Trucking v. Covington Specialty Insurance Company*, Cause No. 24-DCV-315981.

2. This action was filed on May 6, 2024. Plaintiff 326 Trucking, LLC served the Texas Department of Insurance ("TDI"), a statutory agent, with its petition and citation on May 16, 2024. *See* **Exhibit "D-1."** Covington did not receive the citation and petition from TDI until August 12, 2024 – nearly three months after Plaintiff originally served the documents. *Id.* However, this delay does not preclude removal to this Court. The thirty-day removal clock under 28 U.S.C. § 1446(b)(1) "does not begin upon service on and receipt by a statutorily designated agent." *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019). Rather, the clock

begins when "the defendant actually receives the process." *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988 (S.D. Tex. 1998).

3. Therefore, because Covington is the named defendant in this matter and did not receive the petition and citation until August 12, 2024, the thirty-day deadline for removal would not occur until September 11, 2024. *See* 28 U.S.C. § 1446(b)(1); *see also Hall* 14 F.2d at 991. Additionally, based on the foregoing, Covington has also timely filed its Original Answer.

## II. JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C § 1446(a) and Local Rule 81 all pleadings, process, orders, and other filings served upon Defendant in the state court action are attached to this Notice. The following items are being file contemporaneously with this Notice of Removal:

**Exhibit A:**   Civil Cover Sheet

**Exhibit B:**   Supplemental Cover Sheet;

**Exhibit C:**   State court Docket Sheet;

**Exhibit D:**   Index of State Court Documents Filed;

> **Exhibit D-1:** Plaintiff's Original Petition and letter regarding service documents
>
> **Exhibit D-2:** Citation to Defendant Covington;
>
> **Exhibit D-3:** Proof of Service to Texas Department of Insurance

**Exhibit E:**   List of Parties and Counsel

A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embraces Fort Bend County, Texas, the location where the removed action has been pending.

6. Removal is proper based on diversity of citizenship under 28 U.S.C § 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**a. The Proper Parties are of Diverse Citizenship**

7. Both at the time of this lawsuit was filed, and at the time of removal, 326 Trucking, LLC was and remains a limited liability company organized under the laws of the State of Texas whose sole member, based upon information and belief from the Texas Secretary of State, is Maria C. Jennings who is a citizen of the State of Texas. 326 Trucking has its principal place of business in Missouri City, Fort Bend County, Texas.

8. Both at the time the lawsuit was filed, and at the time of removal, Defendant Covington Specialty Insurance Company was and remains an insurer organized and existing under the laws of New Hampshire and having its principal place of business in Atlanta, Georgia. Covington is a citizen of New Hampshire and Georgia.

**b. The Amount in Controversy Exceeds $75,000.00.**

9. Plaintiff's Original Petition for Declaratory Judgment requests the Court to make a judicial declaration that Covington has a duty to defend Plaintiff in the personal injury lawsuit filed by Mikel Allen Wynne involving a trucking accident. *See* **Exhibit "D-1."**

10. According to the Fifth Circuit, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983). "When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the object of the litigation is the policy and the value of the right to be protected, is [defendant's] potential liability under that policy." *Id.* Thus, under the Policy, each occurrence limit is $1,000,000.00.

11. For these reasons, Defendant Covington Specialty Insurance Company respectfully requests this Court assume jurisdiction of this lawsuit.

Respectfully submitted,

*/s/ Jo Allison Stasney*

**Jo Allison Stasney**
State Bar No. 19080280
Southern District Bar No. 19227
**J. Richard Harmon**
State Bar No. 09020700
Southern District No. 18253
**Meredith C. Miller**
State Bar No. 24127758
Southern District No. 3885033

**THOMPSON, COE, COUSINS & IRONS, LLP**
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
jstasney@thompsoncoe.com
rharmon@thompsoncoe.com
mmiller@thompsoncoe.com

**COUNSEL FOR DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on counsel electronically through the court's electronic filing system on August 15 2024.

MAYER LLP
Brian T. Coolidge
David J. Escobar
David W. Prasifka
2900 North Loop West, Suite 500
Houston, Texas 77092
bcooldige@mayerllp.com
descobar@mayerllp.com
dprasifka@mayerllp.com
***Attorneys for Plaintiff***

*/s/ Jo Allison Stasney*
Jo Allison Stasney