# Olds, Frankie

**From:** Calloway, Dennis <DCalloway@rsui.com>
**Sent:** Monday, August 12, 2024 12:39:45 PM
**To:** Cope, Candace <CCope@rsui.com>
**Cc:** Olds, Frankie <folds@rsui.com>;Taylor, Missy <mtaylor@rsui.com>
**Subject:** 7030190544 - 326 TRUCKING LLC

RSUI
A Berkshire Hathaway Company

**Dennis Calloway**
Facilities Team Leader
Human Resources

Office 404 504 3776
Mobile 678 356 2686
rsui.com

**TDI | Texas Department of Insurance**

PO Box 12030 | Austin, TX 78711 | 800-578-4677 | tdi.texas.gov

AUG 12 2024

August 6, 2024

USPS Certified Mail No.
9214 8901 9403 8373 0925 36
Return Receipt Requested

Covington Specialty Insurance Company
945 E Paces Ferry Road Northeast Suite 1800
Atlanta, GA 30326-1373

Re: Cause No. 24-DCV-315981; styled *326 Trucking, LLC vs. Covington Specialty Insurance Company;* in the 400th Judicial District Court, Fort Bend County, Texas

Dear Sir or Madam:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find the citation and Plaintiff's Original Petition for Declaratory Judgment in the above-referenced matter. These documents were served upon the Commissioner of Insurance on May 16, 2024.

Sincerely,

Jon Kogut

Jonathan Kogut
Program Specialist
Jonathan.kogut@tdi.texas.gov

enclosures

EXHIBIT D-1

SERVICE FEE COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**
**NONRESIDENT**
**CITATION**

**TO: COVINGTON SPECIALTY INSURANCE COMPANY**
**OR RSUI GROUP**
**WHO MAY BE SERVED BY SERVING**
**THE TEXAS COMMISSIONER OF INSURANCE AT**
**333 GUADALUPE ST.**
**AUSTIN TX 78701**
**WHO WILL THEN FORWARD TO THE DEFENDANT AT**
**945 E PACES FAIRY ROAD NORTHEAST SUITE 1800**
**ATLANTA GA 30326-1373**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT** filed on **MAY 06, 2024,** a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **24-DCV-315981** and is styled:

**326 TRUCKING, LLC VS COVINGTON SPECIALTY INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**BRIAN T COOLIDGE**
**MAYER LLP**
**2900 NORTH LOOP WEST SUITE 500**
**HOUSTON TX 77092**
**713-868-5560**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 8th day of May, 2024.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: Norma Sosa
**Deputy District Clerk** Norma Sosa
**Telephone:** (281) 344-3919

DISTRICT COURT OF FORT BEND COUNTY, TEXAS

**SERVICE**

**EXHIBIT D-1**

**24-DCV-315981** **400th Judicial District Court**
**326 Trucking, LLC vs Covington Specialty Insurance Company**

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the ____________________ at ______ o'clock and executed ________________________________________ ______________________, on the ________________________, by delivering to the within named ______________________ ________ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$** ____________

**CMRRR#** ____________________________

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:________________________________________
**Deputy District Clerk** Norma Sosa

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is ______________________________________________________________________, my date of birth is
(First, Middle, Last)

_____________________________, and my address is __________________________________________________
(Street, City, Zip)

________________________________________________________________________________."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _________________________________ County, State of ____________________________________,

on the ________________ day of _____________________________________.

_____________________________________________
Declarant / Authorized Process Server

_____________________________________________
(Id # & expiration of certification)

## SERVICE

Citation (By Certified Mail) issued to Covington Specialty Insurance Company on 5/8/2024.

EXHIBIT D-1

Filed
5/6/2024 3:00 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

**24-DCV-315981**

CAUSE NO. ______

| | | |
|---|---|---|
| 326 TRUCKING, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | Fort Bend County - 400th Judicial District Court |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT**

Pursuant to the Uniform Declaratory Judgments Act, Chapter 37 of the Civil Practice and Remedies Code of Texas, Plaintiff, 326 Trucking, LLC, seeks a declaration that Covington Specialty Insurance Company has a duty to defend 326 Trucking in the lawsuit filed by Mikel Allen Wynne.

**PARTIES**

Plaintiff 326 Trucking, LLC is a Domestic Limited Liability Company that has a principal place of business in Missouri City, Fort Bend County, Texas.

Defendant Covington Specialty Insurance Company is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Upon information and belief, according to the Texas Department of Insurance, Covington has its principal place of business located at 945 E. Paces Ferry Road NE, Suite 1800, Atlanta GA. This defendant has no designated agent in Texas on whom service of citation may be made in this cause. The causes of action arose from or are connected with purposeful acts committed by this Defendant in Texas. Accordingly, the Defendant may be cited and served with process pursuant to the Texas Administrative Code, by serving the Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe St., Austin TX 78701. Upon information and belief, the Commissioner

may forward citation by certified mail to Risk Management and Compliance, RSUI Group, 945 E. Paces Fairy Road Northeast, Suite 1800, Atlanta, GA 30326-1373 or in the alternative to Covington Specialty Insurance Company, 945 E. Paces Fairy Road Northeast, Suite 1800, Atlanta, GA 30326-1373. Accordingly, Plaintiff requests citation, be served on the Texas Department of Insurance Commissioner, 333 Guadalupe St. Austin, Texas 78701, via certified mail, return receipt requested, in accordance with Texas Insurance Code §804.103(c) (1). Plaintiff will forward to the Texas Department of Insurance the $50.00 fee required by §804.201 of the Texas Insurance Code.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action because 326 Trucking seeks damages in an amount within the jurisdictional limits of the Court.

This Court has venue over this action because all or a substantial part of the events or omissions giving rise to the claims occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

## BACKGROUND FACTS

326 Trucking is a transportation broker or third-party logistics company that specializes in brokering the shipment of goods. 326 Trucking does not physically transport goods nor does it own the transportation vehicles. Like other third-party logistics companies, 326 Trucking matches shippers with carriers so that commercial goods can be moved efficiently from origin to destination.

## COMMERCIAL GENERAL LIABILITY POLICY

326 Trucking purchased a commercial general liability insurance policy from Covington Specialty Insurance. Policy number VBA 827084 00 ("the Policy") was effective from September 21, 2021, through September 21, 2022. It was in full force an effect at all relevant times.

The Policy provides coverage to the named insured, 326 Trucking, against claims of bodily injury or property damage:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

***

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

***

**2. Duties In The Event of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

The Policy further includes an endorsement that in the event the named insured did not maintain a commercial auto liability policy, the commercial general policy will respond to the claims as though an auto liability policy was in full force and effect:

**FAILURE TO MAINTAIN COMMERCIAL AUTO LIABILITY INSURANCE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following conditions are added to this policy:

**A.** Commercial Auto Liability Insurance shall be maintained in full force and effect during the term of this policy. The each occurrence limit or combined single limit of the Commercial Auto Liability Insurance policy must be greater than or equal to the occurrence limit listed on the Commercial General Liability Coverage Part Declarations of this policy.

**B.** Such insurance as is provided by this policy shall not apply to any loss or claim, including the defense thereof, for which coverage is afforded by the Commercial Auto Liability Insurance policy, or renewal or replacements thereof.

**C.** In the event that a Commercial Auto Liability Insurance policy is not maintained in full force and effect during the full term of this policy, then this policy shall respond to such claims or losses as if the Commercial Auto Liability Insurance policy was still in full force and effect.

All other terms and conditions of this policy remain unchanged.

**The Claim**

326 Trucking entered a brokerage contract with Mechanahaul to transport cargo. While transporting a load, Mechanahaul was involved in an accident with Mikel Allen Wynne on April 11, 2022.

On January 12, 2023, Wynne filed a petition in the 284th District Court of Montgomery County, Texas, against Mechanahaul and its driver, Cuney Crenshaw ("the Lawsuit"). Wynne alleges personal injuries sustained in the accident.

On December 5, 2023, Wynne filed an amended petition that adds 326 Trucking as a defendant to the Lawsuit. Wynne alleges that 326 Trucking breached a duty of care to determine that the motor carrier it selected to transport cargo was qualified, competent, and safe. Wynne further alleges negligent hiring against 326 Trucking retaining the independent contractor, Mechanahaul. In this regard, Wynne's allegations against 326 Trucking are claims of broker liability.

**Coverage Disclaimed**

Upon being served with the Lawsuit, 326 Trucking forwarded a copy of the petition to Covington Specialty Insurance in compliance with the terms and conditions of the Policy.

On January 4, 2024, Covington Specialty Insurance, through RSUI Group, Inc., disclaimed coverage to 326 Trucking for the claim. Covington contends there is no coverage under the Policy because the damages claimed arose out of or resulting from (a third party's) ownership, maintenance, use, or entrustment to others of any "auto." Further, Covington claims Failure to Maintain Commercial Auto Liability Insurance Endorsement contained in the Policy does not apply.

Wynne's claims undeniably include allegations of broker liability pertaining to the selection of a competent and safe independent contractor. Covington has actual notice that the claims relate to services provided by 326 Trucking in scheduling and choosing an independent contractor to transport cargo and are not dependent on whether it operated an auto. Nevertheless, Covington has refused to provide a defense.

## III. DECLARATORY JUDGMENT

326 Trucking now brings this action seeking declaratory relief pursuant to Chapter 37 of the Civil Practices and Remedies Code. 326 Trucking asks the Court to make a judicial declaration that Covington has a duty to defend 326 Trucking in the lawsuit filed by Wynne.

## IV. ATTORNEYS' FEES

It was necessary for 326 Trucking to retain attorneys to prosecute this action and defend against the claims in the Lawsuit filed by Wynne. 326 Trucking is entitled to recover all reasonable attorney fees incurred in the presentation and prosecution of this declaratory judgment action as provided under Chapters 37 and 38 of the Civil Practice & Remedies Code, as well as other applicable

law. Further, 326 Trucking is entitled to attorney fees incurred in defense of the claims asserted against it by Wynne.

WHEREFORE, PREMISES CONSIDERED, and for the foregoing reasons, 326 Trucking LLC prays that Covington Specialty Insurance be cited to appear and answer herein, and that upon final hearing, 326 Trucking have and recover the declaratory judgment relief set forth above and recover judgment from the Covington Specialty Insurance all of its damages as set forth above, plus reasonable attorney's fees, costs of court, pre and post-judgment interest at the maximum rates permitted by law, and for such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

MAYER LLP

Brian T. Coolidge
SBN: 24004595
David J. Escobar
SBN: 06665510
David W. Prasifka
SBN: 16231700
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: bcoolidge@mayerllp.com
Email: descobar@mayerllp.com
Email: dprasifka@mayerllp.com
E-Service: bgamboa@mayerllp.com
E-Service: efile2@mayerllp.com
ATTORNEYS FOR PLAINTIFF
326 TRUCKING, LLC

CERTIFIED MAIL™

STATE OF TEXAS
PENALTY FOR

quadient
FIRST-CLASS MAIL
IMI
$009.51
08/06/2024 ZIP 78701
043M32206395
POSTAGE

USPS CERTIFIED MAIL

9214 8901 9403 8373 0925 36

GC-CC0
TEXAS DEPARTMENT
OF INSURANCE
1601 CONGRESS AVE STE 6.900
AUSTIN, TX 78701

COVINGTON SPECIALTY INSURANCE COMPANY
STE 1800
945 E PACES FERRY RD NE
ATLANTA GA 30326-1373

**EXHIBIT D-1**