**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **326 TRUCKING, LLC** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:24-CV-03052** |
| | § | |
| **COVINGTON SPECIALTY** | § | |
| **INSURANCE COMPANY** | § | **JURY DEMAND** |

**PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to the Uniform Declaratory Judgments Act, Chapter 37 of the Civil Practice and Remedies Code of Texas, Plaintiff, 326 Trucking, LLC, seeks a declaration that Covington Specialty Insurance Company had a duty to defend 326 Trucking in the lawsuit filed by Mikel Allen Wynne and files this Amended Complaint.

**PARTIES**

Plaintiff 326 Trucking, LLC is a Domestic Limited Liability Company that has a principal place of business in Missouri City, Fort Bend County, Texas.

Defendant Covington Specialty Insurance Company is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas and has appeared and filed an Answer in this matter.

**JURISDICTION AND VENUE**

The District Court of Fort Bend has jurisdiction over this action because 326 Trucking seeks damages for $53,799.91 in attorneys' fees incurred in defending the lawsuit filed by Mikel Allen Wynne in the 284th District Court of Montgomery County, Texas.

Fort Bend has venue over this action because all or a substantial part of the events or

omissions giving rise to the claims occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002.

Plaintiff seeks monetary relief for the attorneys' fees and expenses of $53,799.91 that were incurred in defending the lawsuit filed by Mikel Allen Wynne. Plaintiff would further state that the lawsuit filed in State Court by Mikel Allen Wynne is now final as to 326 Trucking based upon the granting of a summary judgment in favor of 326 Trucking.

**BACKGROUND FACTS**

326 Trucking entered a brokerage contract with Mechanahaul to transport cargo. While transporting a load, Mechanahaul was involved in an accident with Mikel Allen Wynne on April 11, 2022.

On January 12, 2023, Wynne filed a petition in the 284th District Court of Montgomery County, Texas, against Mechanahaul and its driver, Cuney Crenshaw ("the Lawsuit"). Wynne alleges personal injuries sustained in the accident.

On December 5, 2023, Wynne filed an amended petition that added 326 Trucking as a defendant to the Lawsuit. Wynne alleges that 326 Trucking breached a duty of care to determine that the motor carrier it selected to transport cargo was qualified, competent, and safe. Wynne further alleges negligent hiring against 326 Trucking retaining the independent contractor, Mechanahaul. In this regard, Wynne's allegations against 326 Trucking are claims of broker liability.

Upon being served with the Lawsuit, 326 Trucking forwarded a copy of the petition to Covington Specialty Insurance in compliance with the terms and conditions of the Policy.

On January 4, 2024, Covington Specialty Insurance, through RSUI Group, Inc., disclaimed coverage to 326 Trucking for the claim. Covington contends there is no coverage under the Policy

because the damages claimed arose out of or resulting from (a third party's) ownership, maintenance, use, or entrustment to others of any "auto." Further, Covington claims Failure to Maintain Commercial Auto Liability Insurance Endorsement contained in the Policy does not apply.

Wynne's claims undeniably include allegations of broker liability pertaining to the selection of a competent and safe independent contractor. Covington has actual notice that the claims relate to services provided by 326 Trucking in scheduling and choosing an independent contractor to transport cargo and are not dependent on whether it operated an auto. Nevertheless, Covington has refused to provide a defense.

On October 14, 2024, Plaintiff 326 Trucking's Motion for Summary Judgment and Motion for Severance was granted dismissing all claims filed by Mikel Allen Wynne against 326 Trucking. The judgment became final once the matter was severed into a new lawsuit on October 25, 2024.

Based upon the dismissal of the claims of Mikel Allen Wynne against 326 Trucking, the only issue that remains between 326 Trucking and Covington Specialty is the $53,799.91 in attorney fees and expenses incurred by 326 Trucking in defending the lawsuit filed by Mikel Allen Wynne.

**COMMERCIAL GENERAL LIABILITY POLICY**

326 Trucking purchased a commercial general liability insurance policy from Covington Specialty Insurance. Policy number VBA 827084 00 ("the Policy") was effective from September 21, 2021, through September 21, 2022. It was in full force an effect at all relevant times.

The Policy provides coverage to the named insured, 326 Trucking, against claims of bodily injury or property damage:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

***

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

***

**2. Duties In The Event of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

The Policy further includes an endorsement that in the event the named insured did not maintain a commercial auto liability policy, the commercial general policy will respond to the claims as though an auto liability policy was in full force and effect:

**FAILURE TO MAINTAIN COMMERCIAL AUTO LIABILITY INSURANCE ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following conditions are added to this policy:

**A.** Commercial Auto Liability Insurance shall be maintained in full force and effect during the term of this policy. The each occurrence limit or combined single limit of the Commercial Auto

Liability Insurance policy must be greater than or equal to the occurrence limit listed on the Commercial General Liability Coverage Part Declarations of this policy.

**B**. Such insurance as is provided by this policy shall not apply to any loss or claim, including the defense thereof, for which coverage is afforded by the Commercial Auto Liability Insurance policy, or renewal or replacements thereof.

**C**. In the event that a Commercial Auto Liability Insurance policy is not maintained in full force and effect during the full term of this policy, then this policy shall respond to such claims or losses as if the Commercial Auto Liability Insurance policy was still in full force and effect.

All other terms and conditions of this policy remain unchanged.

## DECLARATORY JUDGMENT

326 Trucking now brings this action seeking declaratory relief pursuant to Chapter 37 of the Civil Practices and Remedies Code. 326 Trucking asks the Court to make a judicial declaration that Covington has a duty to defend 326 Trucking in the lawsuit filed by Wynne.

## ATTORNEYS' FEES

It was necessary for 326 Trucking to retain attorneys to prosecute this action and defend against the claims in the Lawsuit filed by Wynne. 326 Trucking is entitled to recover all reasonable attorney fees incurred in the presentation and prosecution of this declaratory judgment action as provided under Chapters 37 and 38 of the Civil Practice & Remedies Code. Further, 326 Trucking is entitled to attorney fees incurred in defense of the claims asserted against it by Wynne.

WHEREFORE, PREMISES CONSIDERED**,** and for the foregoing reasons, 326 Trucking LLC prays the declaratory judgment relief set forth above and recover judgment from the Covington Specialty Insurance all of its damages as set forth above, plus reasonable attorney's fees, costs of court, pre and post-judgment interest at the maximum rates permitted by law, and for such other and

further relief, both general and special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

MAYER LLP

Brian T. Coolidge
SBN: 24004595
David W. Prasifka
SBN: 16231700
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: bcoolidge@mayerllp.com
Email: dprasifka@mayerllp.com
E-Service: bgamboa@mayerllp.com
E-Service: efile2@mayerllp.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December 2024, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing (ECF) system. Notice of this filing will be sent to all counsel of record for all parties by operation of the Court's electronic filing system.

Jo Allison Stasney
J. Richard Harmon
Meredith C. Miller
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl St., 25th Floor
Dallas, TX 75201-2832
jstasney@thompsoncoe.com
rharmon@thompson.coe.com
mmiller@thompsoncoe.com

Brian T. Coolidge