United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 326 TRUCKING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-3052 |
| | § | |
| COVINGTON SPECIALITY INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Plaintiff's First Motion to Remand (Document No. 11), and Plaintiff's First Motion for Leave to File an Amended Complaint (Document No. 13). Having considered the motions, submissions, and applicable law, the Court determines that Plaintiff's motion to remand should be granted.[1]

## I. BACKGROUND

This is an insurance-related declaratory relief action. Plaintiff 326 Trucking, LLC ("326 Trucking"), brings suit against Defendant Covington Specialty Insurance Company ("Covington") seeking attorney fees and expenses incurred by 326 Trucking in defending a separate lawsuit that underlies this matter. On

---

[1] Considering the Court's determination that the case should be remanded back to state court, the Court declines to consider Plaintiff's arguments related to amending their complaint.

September 21, 2021, 326 Trucking purchased a commercial general liability insurance policy from Covington, providing coverage to 326 Trucking against claims of bodily injury or property damage.[2] On April 11, 2022, 326 Trucking entered a brokerage contract with a separate company, Mechanahaul, to transport certain cargo. While transporting that cargo, Mechanahaul was involved in an accident with Mikel Allen Wynne ("Wynne"), who subsequently filed suit in the 284th Judicial District Court of Montgomery County, Texas against Mechanahaul, their driver, and the Plaintiff in the present matter, 326 Trucking. On October 14, 2024, the 284th Judicial District Court of Montgomery County, Texas dismissed all claims filed by Wynne against 326 Trucking. 326 Trucking now seeks to recover attorney fees and costs from Covington, who has refused to defend 326 Trucking in the underlying lawsuit.

Based on the foregoing, on May 6, 2024, 326 Trucking filed suit against Covington in the 400th District Court of Fort Bend County, Texas. On August 15, 2024, Covington removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. On December 4, 2024, 326 Trucking moved to remand. On December 27, 2024, 326 Trucking filed its first motion for leave to file an amended complaint.

---

[2] *Plaintiff's Original Petition*, Document No. 1, Exhibit 5 at 7.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A removing party must show both the existence of federal jurisdiction and the propriety of removal. *Mumfrey v. CVS Pharmacy*, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

A federal court may only assert subject matter jurisdiction over a matter when authorized by the federal constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). A federal court may exercise jurisdiction over any civil action arising under the federal constitution, statutes, or treaties. 28 U.S.C. § 1331. A case arises under federal law when a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the

resolution of a substantial question of federal law." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (per curiam).

### III. LAW & ANALYSIS

326 Trucking moves to remand this case to state court, contending that they did not specify the amount in controversy in their initial state court pleadings, and thus, Covington's removal to this Court is improper as the amount in controversy does not meet the jurisdictional requirements set forth in 28 U.S.C. § 1441 required for this Court to exercise its diversity jurisdiction. 326 Trucking further contends that the amount in controversy is now quantifiable at $53,799.91,[3] an amount below the required $75,000.00 threshold to bring a case into federal court pursuant to diversity jurisdiction. Covington contends that the amount in controversy requirement is determined at the time of removal, and thus, removal was proper because 326 Trucking constructively sought damages in excess of $75,000.00 in state court prior to removal. Considering the Fifth Circuit's clear guidance that "the removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper," *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), the Court will now consider whether Covington has met their burden in showing that removal was proper.

---

[3] *Plaintiff's Motion to Remand*, Document No. 11 at 2.

Where no amount is specified in the complaint, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The Fifth Circuit has made clear that a two-part test must be employed by district courts to demonstrate whether the amount in controversy exceeds the jurisdictional threshold. *St. Paul Reinsurance Co., LTD. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335* (5th Cir. 1995). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Where the district court's jurisdiction is ambiguous or doubtful the matter should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Here, the record is clear that 326 Trucking did not specify an amount in controversy in its original petition in state court.[4] Thus, the Court will consider

---

[4] *Plaintiff's Original Petition*, Document No. 1, Exhibit 5.

5

whether Covington has offered sufficient evidence to support that the $75,000.00 jurisdictional threshold has been met. More specifically, Covington must show that 326 Trucking constructively plead $75,000.00 in its original petition in state court.

326 Trucking contend that they intentionally did not specify an amount in their original state court petition. Covington contends that the plaintiff in the underlying lawsuit, Mr. Wynne, plead damages over $1,000,000.00, which included four surgeries. Covington then argues that the sheer amount of damages plead by Mr. Wynne in the underlying lawsuit means that it is "more likely than put the amount in controversy in this [declaratory judgment] matter at over $75,000.00."[5] Covington offers no other evidence to support their position that the $75,000.00 jurisdictional threshold has been met necessary to maintain jurisdiction in this Court. In contrast, Plaintiff has shown that the amount in controversy is now quantifiable based on the outcome of the underlying lawsuit and is limited to attorney fees and expenses of approximately $53,799.91, the actual costs incurred in defending the underlying lawsuit filed by Mr. Wynne.[6]

---

[5] *Covington Specialty Insurance Company's Response to Plaintiff's Motion to Remand*, Document No. 12 at 8.

[6] On October 14, 2024, in the underlying lawsuit, the 284th Judicial District Court of Montgomery County, Texas granted 326 Trucking's Motion for Summary Judgment and Motion for Severance dismissing all claims filed by Mikel Allen Wynne against 326 Trucking. *See Plaintiff's Motion to Remand*, Document No. 11 at 1.

The Fifth Circuit has made clear that when indeterminate damages are alleged, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional requirement]." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The Court has independently reviewed the record and finds no other evidence showing that the amount in controversy at the time of removal was over $75,000.00. The Court finds that Covington's mere reference to the damages alleged in the underlying lawsuit are insufficient to meet their burden in this matter. Accordingly, based on the language of 326 Trucking's original petition, and the fact that the actual amount in controversy is significantly below the jurisdictional threshold for this Court, the Court finds that it does not have diversity jurisdiction over this matter.

There is no other means for this Court to assert subject matter jurisdiction over this case. Having considered the amount in controversy requirement not being met in the present matter, the Court notes that Covington's failure to show the amount in controversy exceeds $75,000.00 destroys the jurisdictional requirement necessary for this Court to maintain diversity jurisdiction. The Court also notes there is no other basis for federal subject matter jurisdiction. Accordingly, 326 Trucking's motion to remand this action to the 400th District Court of Fort Bend County, Texas is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's First Motion to Remand (Document No. 11) is **GRANTED**. This case is hereby **REMANDED** to the 400th District Court of Fort Bend County, Texas. The Court further

**ORDERS** that Plaintiff's First Motion for Leave to File an Amended Complaint (Document No. 13) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this __9__ day of January, 2025.

*[signature]*

DAVID HITTNER
United States District Judge